IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAKE MARTINEZ,**

    Plaintiff,

vs.                                    Civ. No. 91-967 SC/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**

    Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION[1]**

1.   This matter comes before the Court on Plaintiff's Motion to Remand or Reverse filed November 24, 1999. Defendant's response and Plaintiff's reply were also filed on November 24, 1999. The procedural history of this case is at best tortured. It is explained in this Court's Analysis and Recommended Disposition filed July 31, 1996. What is important to present analysis is that the previous remand from the District Court was a Sentence 6 remand. Thus, this Court retained jurisdiction over the matter. 42 U.S.C. Sec 405(g). On February 15, 1995, the Appeals Council remanded this case a second time. A new decision was issued on May 27, 1997. Plaintiff requested review of the ALJ's decision by the

---

[1] Within ten (1) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations with the clerk of the district court. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Appeals Council on June 3, 1997.

    2. As grounds for review by the Appeals Council Plaintiff stated only one issue. Plaintiff argued that the Appeals Council decision of February 15, 1995 was *res judicata*. Plaintiff argues that the Appeals Council found "that the incident in which Plaintiff was disabled was separate in location and time from the charge of which Plaintiff was convicted." Tr. 8. Thus, Plaintiff argues, the ALJ's decision after the remand is of no effect. Plaintiff's argument fails for the reasons stated in the Magistrate Judge's Analysis and Recommended Disposition of July 31, 1996 which was adopted by the Count on August 21, 1996. In the decision at issue the Appeals Council ordered the ALJ to "give further consideration to whether the claimant's disabling impairment arose in connection with the commission of a felony under 20 C.F.R. 404.1506 and Social Security Ruling 83-21." Tr. 26. The Appeals Council further stated in the Remand Order that the ALJ "will offer the claimant an opportunity for a *de novo* hearing, take any further action needed to complete the administrative record, and issue a new decision." Id. The Remand Order is clear. This is not, as argued, a favorable decision. The ALJ did not "countermand the finding and direction of this Appeals Council." Tr. 8. To the contrary, the ALJ followed the Remand Order.

    3. All other arguments asserted by the Plaintiff in his Motion to Remand or Reverse are waived. James v. Chater, 96 F.3d 1341, 1344(10th Cir. 1996)("[I]ssues not brought to the attention

of the Appeals Council on administrative review may, given sufficient notice to the claimant, be deemed waived on subsequent judicial review.") James was filed September 19, 1996. Plaintiff's letter to the Appeals Council is dated June 3, 1997. Plaintiff had sufficient notice.

4.  Further, a review of the record clearly shows that it is beyond dispute that substantial evidence supports the ALJ's finding. Richardson v. Perales, 402 U.S. 389, 401 (1971). Plaintiff's paraplegia arose "in connection with the commission...of an offense which constitutes a felony." 42 U.S.C. Sec. 423(d)(6)(A); See also SSR 83-21(1983).

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand or Reverse be denied.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**